HHN

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESUS MALDONADO (#274950), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 5721 |
| v. ) | |
| ) | Judge William J. Hibbler |
| RICHARD A. DEVINE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jesus Maldonado, a detainee presently at the St. Joseph County Jail in South Bend, Indiana, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants, an Illinois Department of Corrections official and State's Attorney's employees, violated his constitutional rights by not placing him in a witness protection program. Presently before the Court is Defendant Roger Walker's motion to dismiss and Defendants' Richard A. Devine, Margaret Wood, and Maurice Macklin's motions to dismiss for failure to state a claim. For the reasons stated in this order, the motions to dismiss are granted.

## BACKGROUND

A reading of Plaintiff's complaint supports the following summary of the alleged operative conduct of the parties:

Two Chicago Police Officers went to Cook County Jail to speak with Plaintiff about being a confidential informant against Octavio Nava. After Plaintiff agreed to act as a confidential informant, Assistant State's Attorney Margaret Wood agreed to have him placed in a witness protection program. After Plaintiff provided information, "the prosecution" had State's Attorney

Investigator Maurice Macklin place Plaintiff in a witness protection program. Plaintiff was in that program from March 5, 2007, until January 15, 2008.

After being sentenced following his own conviction, Plaintiff was sent to Stateville Correctional Center. Margaret Wood and Maurice Macklin told Plaintiff that he was to "dress in and out that same day and get out on parole" and that "they would place him in another witness protection program." Macklin also told Plaintiff that he and Wood had told the Department of Corrections that he was a transfer from the witness protection program and that a letter had been placed in his master file. Defendants Wood and Macklin were aware that Plaintiff did not get immediately released and reassured Plaintiff that a letter would be placed in his master file indicating that he is in the witness protection program and that he was still going to be testifying. Plaintiff later learned that a letter was never placed in his file. Defendants Wood and Macklin ignored Plaintiff's calls and letters regarding the situation.

While Plaintiff was in the general population, Nava spread word that Plaintiff was working as a confidential informant. Thereafter, other gang members started to threaten him and he was once pushed down and threatened not to testify against Nava. Plaintiff's mother also received a letter that threatened Plaintiff's family. When Plaintiff told the prosecutor about the threats, he was told to tell his family to call the police. After informing Cook County Jail officials of the threats, Plaintiff was placed in the witness protection program.

However, because there was no letter in his master file indicating that he was in the witness protection program, Plaintiff was again placed in the general population when he was transferred to Dixon Correctional Center on January 28, 2008. Plaintiff told officials at Dixon that he was a confidential informant and should placed in the witness protection program. On April 4, 2008,

Plaintiff was transferred to Vienna Correctional Center, where he received threats about testifying against Nava, just as he did in Menard Correctional Center. After informing officials that he should be in the witness protection program, Plaintiff was transferred to the maximum security section of Menard. On June 12, 2008, Plaintiff was placed in the general population at Menard. Plaintiff was repeatedly harassed and threatened about being a confidential informant.

Plaintiff alleges that the Defendants violated his constitutional rights by not notifying the appropriate Department of Correction officials that he was to be in the witness protection program.

## ANALYSIS

A complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim and the claim's basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A plaintiff demonstrates that he is entitled to relief by showing through his allegations that "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted); *see also Bell Atlantic*, 550 U.S. at 555-57. The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081. Furthermore, *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). However, a plaintiff can plead himself or herself out of court by pleading facts that

undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Defendant Roger Walker, the Director of the Department of Corrections, and Defendant Richard A. Devine, the former State's Attorney of Cook County, argue that Plaintiff fails to state a Section 1983 claim against them in both their individual and official capacities. Plaintiff's only allegation as to both Defendants is that Plaintiff wrote to them about not being in the witness protection program and that they failed to respond. Plaintiff does not indicate if he is suing these Defendants in their official or individual capacities.

As to claims brought against these Defendants in their official capacities, claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *see also Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 265 (7th Cir. 1999); *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994) (under Illinois law, state's attorneys are state officials). The Eleventh Amendment, which precludes an individual from suing a state or state agency for money damages, of which Plaintiff seeks money damages, in federal court without the state's consent, bars Plaintiff's official capacity claims for money damages against these Defendants. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

If Plaintiff is attempting to hold these Defendants liable in their individual capacities, Plaintiff must allege that they were personally involved in the alleged constitutional violation. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be

liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personal responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisor's direction or with his knowledge and consent. *See Hildebrandt v. Illiniois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

In the present case, Plaintiff merely alleges that he wrote these Defendants a letter about being placed in the witness protection program and that he did not receive a response. Sending a letter to these Defendants is not sufficient to hold an them liable under Section 1983. *See Watt v. City of Highland Park*, 98 C 8123, 2001 WL 1090152, at * 6 (N.D. Ill. Sept. 13, 2001)(Gottschall, J.); *McNeil v. O'Leary*, No. 91 C 5351, 1993 WL 226289, at * 5 (N.D. Ill. June 24, 1993)(Aspen, J.), *citing Crowder v. Lash*, 687 F.2d 996, 1005-1006 (7th Cir. 1982).

The State's Attorney's Office Defendants ("SAO Defendants") argue that Plaintiff fails to state a claim against them because he fails to allege a constitutional tort.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *See Christensen v. County of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007).

Plaintiff alleges that the SAO Defendants' failure to have him placed in a witness protection program constitutes a violation of his equal protection rights and his rights under the Eighth/Fourteenth Amendments.

The Equal Protection Clause grants to all citizens "the right to be free from invidious discrimination in statutory classifications and other governmental activity." Generally, an equal protection claim requires allegations that the plaintiff: (1) is a member of a protected class, (2) was otherwise similarly situated to members outside the protected class, and (3) was treated differently than members outside the protected class. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Plaintiff makes no allegations that he is a member of a protected group or that he was treated differently from members not in the protected class.

Under a class-of-one violation of equal protection claim, a single act against one individual can be a violation of the Equal Protection Clause. *See Baumgardner v. County of Cook*, 108 F. Supp. 2d 1041, 1054-56 (N. D. Ill. 2000). For a class-of-one theory, the plaintiff must allege that: "(1) ... he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment or the cause of the differential treatment is a 'totally illegitimate animus' toward the plaintiff by the defendant." *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). Here, Plaintiff makes no allegations that he has been intentionally treated differently from others similarly situated, or that there is no rational basis for the difference in treatment, or that the cause of the differential treatment is due to a totally illegitimate animus toward him by the SAO Defendants. Accordingly, Plaintiff fails to plead an equal protection claim.

Plaintiff also attempts to bring a claim based on his allegation that the SAO Defendants failure to write a letter for him to be placed in a witness protection program violates his constitutional right to be safe. However, a prisoner does not have a protectable interest in his prison placement. *See Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995). Furthermore, the SAO Defendants do not have control over Plaintiff's placement within the Illinois Department of Corrections ("IDOC"). The IDOC has the sole discretion in placing, handling, and transferring inmates within its control. *See* 730 ILCS 5/3-2-2; *People v. Freed*, 328 Ill. App. 3d 459, 465-66 (2002). The courts are without authority to intervene in these matters that lie within the IDOC's discretion. *See Freed*, 328 F.3d at 466; *People v. Lego*, 212 Ill. App. 3d 6, 8 (1991). The State's Attorney's Office's only input into the placement process for an inmate is to provide the IDOC with a description of the crime that the prisoner is convicted of and any other salient information to assist the IDOC in properly classifying the prisoner. *See* 730 ILCS 5/5-4-1(d). However, the IDOC is not bound to accept any recommendations in the State's Attorney's Office's "pen letter." *See Dennis E. v. O'Malley*, 256 Ill. App. 3d 334, 345 (1993). Thus, the SAO Defendants could not be deliberately indifferent to Plaintiff's safety based on them not writing a letter that he be placed in a witness protection program because the legal causation applicable to both common law torts and constitutional torts is lacking. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1998).

## CONCLUSION

For the foregoing reasons, Defendant Walker's motion to dismiss [36] and the SAO Defendants' motion to dismiss [42] are granted. The complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's motions not to dismiss [47], [48], and [49] are denied. This case is terminated.

Dated: 5/28/09

William J. Hibbler
United States District Court Judge